

FILED

2009 AUG -6 PM 3:28

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ___

FAXED

1  Michael Hurey (State Bar No. 139,550)
Email: mhurey@kleinberglerner.com
2  Philip L. Nulud (State Bar No. 245,147)
Email: pnulud@kleinberglerner.com
3  **KLEINBERG & LERNER, LLP**
1875 Century Park East, Suite 1150
4  Los Angeles, California 90067-3112
Phone: (310) 557-1511 • Fax: (310) 557-1540
5

6  Attorneys for Plaintiff Mirabella Beauty Products, LLC

7

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10

11  MIRABELLA BEAUTY PRODUCTS,
LLC., a Utah Limited Liability Company,

12           Plaintiff,

13       v.

14  E.L.I. TRADING, INC., a California
Corporation d/b/a MICA BELLA
15  COSMETICS d/b/a MICA COSMETICS,
ELI FRENKEL, an individual, and Does 1
16  – 10,

17           Defendants.

18

19

20

21

22

23

24

25

26

27

28

Case No.: CV09-4560-RSWL-(AGRx)

**FIRST AMENDED COMPLAINT
FOR INJUNCTIVE RELIEF AND
FOR DAMAGES FOR:**

(1) **FALSE AND MISLEADING
DESIGNATIONS AND
REPRESENTATIONS (15
U.S.C. § 1125(a));**
(2) **COMMON LAW
TRADEMARK
INFRINGEMENT;**
(3) **COMMON LAW
NEGLIGENCE;**
(4) **CIVIL CONSPIRACY**

**DEMAND FOR JURY TRIAL**

- 1 -                    FIRST AMENDED COMPLAINT

Plaintiff Mirabella Beauty Products, LLC ("Mirabella"), a Utah Limited Liability Company, by and through its attorneys, alleges as follows:

### THE PARTIES

1.      Plaintiff Mirabella is a Limited Liability Company duly organized and existing under the laws of the State of Utah with is principal place of business at 29083 The Old Road, Valencia, CA 91355.

2.      Plaintiff is informed and believes, and on that basis alleges that Defendant, E.L.I. Trading, Inc. d/b/a Mica Bella Cosmetics d/b/a Mica Cosmetics ("ELI Trading") is a Corporation duly organized and existing under the laws of the State of California with a principal place of business at 9555 Owensmouth Ave., Suite 7, Chatsworth, CA 91331.

3.      Plaintiff is informed and believes, and on that basis alleges that Defendant, Eli Frenkel ("Mr. Frenkel") is an individual residing in the State of California and is President and owner of Defendant ELI Trading with a principal place of business at 9555 Owensmouth Ave., Suite 7, Chatsworth, CA 91331.

4.      Defendants Does 1 – 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Mirabella. When their true names and capacities are ascertained, Mirabella will amend this complaint by inserting their true names and capacities. Mirabella is informed and believes and thereon alleges, that Does 1 – 10, and each of them are responsible in some manner for the occurrences alleged herein and that Mirabella's damages were proximately caused by such Defendants. (ELI Trading, Mr. Frenkel and Does 1 – 10 are referred to collectively as Defendants.)

5.      Plaintiff is informed and believes, and on that basis alleges that Defendant ELI Trading is a Corporation doing business and having a principal place of business in this judicial district.

6.      Plaintiff is informed and believes, and on that basis alleges that Defendant Mr. Frenkel is an individual doing business and having a principal place of

- 2 -          FIRST AMENDED COMPLAINT

1   business in this judicial district.

2   JURISDICTION AND VENUE

3   7.   This is a civil action arising under the United States Trademark Act of
4   1946, as amended, 15 U.S.C. §1051 *et seq.*(the "Lanham Act"), for false or
5   misleading descriptions and representations in violation of Section 43(a), statutory
6   and common law violations of the State of California relating to trademarks, trade
7   names, and related rights, and for common law negligence (California Business and
8   Professions Code §§ 14320, 14340, 17500 and 17535 and California Civil Code §
9   1714(a)).

10   8.   This Court has exclusive subject matter jurisdiction of this action
11   pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 as it involves claims
12   arising under the United States trademark laws.

13   9.   This Court has personal jurisdiction over the Defendants in that the
14   principal place of business of the corporate Defendants are within this judicial
15   district.  Further, this Court has personal jurisdiction over the Defendants because
16   each has either committed one or more of the infringing acts complained of herein in
17   California and this district, and each does regular business in California and in this
18   district.

19   10.   Venue in this court is proper under the provisions of 28 U.S.C.
20   §§ 1391(b) and (c) because a substantial part of the claims arose in this district and
21   because defendants reside in this district.

22

23   ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

24   11.   Since at least as early as 2001, Plaintiff has been engaged in the business
25   of designing, developing, marketing, manufacturing and distributing cosmetics and
26   beauty supplies to hundreds of salons across the United States under the MIRABELLA
27   mark. Christy Thurston, the founder and president of Mirabella, has been very well
28   known within the beauty industry in the last twenty years and has extensive cosmetic

- 3 -                    FIRST AMENDED COMPLAINT

1   experience.  It is upon such success and recognition that Plaintiff has built itself upon.

2   Mirabella products are designed to produce fresh and classic beauty looks, and

3   specifically enhance the natural beauty of women.  Plaintiff offers products for

4   women of all ages.  Plaintiff also provides educational training for licensed

5   professional in various distributor classrooms across the United States.  Among other

6   registrations and applications, Plaintiff Mirabella owns United States Trademark

7   Registration No. 2,935,588 for the mark MIRABELLA depicted in Exhibit 1 covering,

8   among other things, make-up and cosmetics.

9       12.     Mirabella has, and continues to extensively market, manufacture, and

10  distribute make-up and cosmetics under this mark.

11      13.     Mirabella has not licensed, nor otherwise consented to, use of the

12  MIRABELLA mark or any confusingly similar trademarks by Defendants.

13      14.     On or about April 27, 2009, Applicant was made aware of Defendant

14  ELI Trading, and the sale of Defendant ELI Trading's cosmetics bearing the

15  MICABELLA mark.

16      15.     Plaintiff is informed and believes that Defendant Mr. Frenkel is the

17  President and owner Defendant ELI Trading and has control over Defendant ELI

18  Trading.

19      16.     Plaintiff is informed and believes and on that basis alleges that

20  Defendant Mr. Frenkel has authorized, directed and/or participated in the acts of

21  Defendant ELI Trading. Plaintiff is further informed and believes that Defendant Mr.

22  Frenkel knowingly and substantially participated in all of the acts committed by

23  Defendant ELI Trading which are alleged herein.

24  ///

25  ///

26  ///

27  ///

28  ///

- 4 -                FIRST AMENDED COMPLAINT

# FIRST CLAIM FOR RELIEF

## [False and Misleading Representations and Designations;
## 15 U.S.C. § 1125(a) Against All Defendants]

17.     Mirabella incorporates the allegations of paragraphs 1 – 16 of this complaint as though set forth fully herein.

18.     Mirabella's marks consist of the term MIRABELLA.  The MIRABELLA mark has become uniquely associated with and hence serves to identify Mirabella as the source of goods used in connection with the marks.

19.     The MIRABELLA mark has acquired secondary meaning.

20.     Plaintiff is informed and believes and on that basis alleges that Defendant Mr. Frenkel has authorized, directed and/or participated in the acts of false and misleading representation and designation by Defendant ELI Trading.  Plaintiff is further informed and believes that Defendant Mr. Frenkel knowingly and substantially participated in all of the acts of false and misleading representation and designation committed by Defendant ELI Trading which are alleged herein.

21.     The use in interstate commerce of the MICABELLA mark designation by Defendants is a use of a false designation of origin or a false representation, wrongly and falsely designating products sold or offered for sale by Defendants as originating from or connected with Mirabella, and constitutes using false descriptions or representations in interstate commerce.

22.     Defendants' acts constitute a violation of 15 U.S.C § 1125(a), Section 43(a) of the Lanham Act.

23.     Defendants' acts have caused, and unless restrained by this Court, will cause Mirabella and the public to suffer great and irreparable damage and injury.

24.     Mirabella has no adequate remedy at law.

25.     Mirabella has suffered actual damages in the form of lost sales and damage to its business, goodwill, reputation, and profits, and Defendants have been unjustly enriched as a result of their infringing activities.  The exact amount of

FIRST AMENDED COMPLAINT

1  Mirabella damages is presently unknown, but is no less than $1,000,000.00, and will
2  be subject to proof at trial.

### SECOND CLAIM FOR RELIEF

### [Common Law Trademark Infringement;

### Against All Defendants]

7     26.    Mirabella incorporates the allegations of paragraphs 1 – 25 of this
8  complaint as though set forth fully herein.

9     27.    Mirabella is the owner of goodwill and valuable trademark rights
10 protected by California common law, as well as other jurisdictions where Mirabella
11 does business.

12    28.    The MIRABELLA mark has acquired secondary meaning.

13    29.    The use by Defendants, without the consent of Mirabella, of
14 reproductions, copies or colorable imitations of the MIRABELLA mark in connection
15 with Defendants' goods is likely to cause confusion, mistake and deception.  Such use
16 infringes Mirabella's rights in violation of California common law.

17    30.    Plaintiff is informed and believes and on that basis alleges that
18 Defendant Mr. Frenkel has authorized, directed and/or participated in the acts of
19 infringement by Defendant ELI Trading.  Plaintiff is further informed and believes
20 that Defendant Mr. Frenkel knowingly and substantially participated in all of the acts
21 of infringement committed by Defendant ELI Trading which are alleged herein.

22    31.    Defendants have been guilty of oppression and malice in that their
23 conduct was intended by them to cause injury to Mirabella, is despicable and was
24 carried out with a willful and conscious disregard of the rights of Mirabella and the
25 public.  Defendants have made intentional misrepresentations, concealed material
26 facts, and perpetrated deception with the intent to deprive Mirabella and others of
27 property and legal rights.  By reason of the foregoing, Mirabella is entitled to
28 exemplary damages against each of the Defendants pursuant to California Civil Code

- 6 -                    FIRST AMENDED COMPLAINT

§ 3294 in an amount to be proven at trial.

32.   Defendants' acts have caused, and unless restrained by this Court, will cause Mirabella and the public to suffer great and irreparable damage and injury.

33.   Mirabella has no adequate remedy at law.

34.   Mirabella has suffered actual damages in the form of lost sales and damage to its business, goodwill, reputation, and profits, and Defendants have been unjustly enriched as a result of their infringing activities.  The exact amount of Mirabella's damages is presently unknown, but is no less than $1,000,000.00, and will be subject to proof at trial.

## THIRD CLAIM FOR RELIEF

### [Common Law Negligence; Against All Defendants]

35.   Mirabella incorporates the allegations of paragraphs 1 – 34 of this complaint as though set forth fully herein.

36.   Defendants knew or should have known that their election of using the mark MICABELLA would result in reasonably foreseeable harm to Mirabella's economic interests.

37.   Defendants should have searched or ignored a search that would determine that Mirabella would be harmed by the use of the mark MICABELLA.

38.   Defendants knew or should have known that failure to act with due care owed to Mirabella would result in a reasonably foreseeable harm to Mirabella's economic interests.

39.   Defendants are responsible for injuries caused by its lack of ordinary care. Cal. Civ. Code § 1714(a).

40.   Mirabella has no adequate remedy at law.

41.   Mirabella has suffered actual damages in the form of lost sales and damage to its business, goodwill, reputation, and profits, and Defendants have been unjustly enriched as a direct and proximate result of Defendant's negligence.  The

FIRST AMENDED COMPLAINT

exact amount of Mirabella's damages is presently unknown, but is no less than $1,000,000.00, and will be subject to proof at trial.

## FOURTH CLAIM FOR RELIEF

### [Civil Conspiracy Against All Defendants]

42. Plaintiff incorporates paragraphs 1 – 41 of this Complaint as if full set forth herein.

43. Defendants have conspired with each other to achieve an unlawful goal by unlawful means. Among other things, they have conspired and agreed to infringe on the MIRABELLA mark as alleged herein.

44. The objective of Defendants is to wrongfully profit by violating federal and state laws, all to the detriment of Mirabella.

45. As a direct and proximate result of Defendants' wrongful acts, Mirabella has been injured in an amount to be determined at trial.

46. Mirabella is informed and believes, and on that basis alleges, that in acting as alleged herein Defendants have acted intentionally and despicably with oppression and malice toward Mirabella. Mirabella therefore is entitled to an award of punitive damages for the sake of example and by way of punishing Defendants pursuant to California Civil Code § 3294.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mirabella, Inc. respectfully demands a judgment against Defendants ELI Trading, Inc. and Mr. Frenkel as follows:

1. That the Defendants, their officers, agents, servants, employees, and attorneys, assigns and all persons in active concert with or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

   a. Using the MICABELLA mark, the MIRABELLA mark, any trademarks owned by Mirabella recognized at common law, or any other

- 8 -                    FIRST AMENDED COMPLAINT

designation which is confusingly similar to Plaintiff's aforementioned trademarks alone or in combination with other words, as a trademark, trade name, or service mark, component or otherwise, to advertise or identify Defendants' goods or services;

    b.    Otherwise infringing on Plaintiff's mark;

    c.    Unfairly competing with Plaintiff in any manner whatsoever; or

    d.    Causing likelihood of confusion, injury to business reputation, or symbols, labels, or forms of advertising or promotion;

2. That the Defendants be required to deliver up to Mirabella's attorneys for destruction, all products, literature, advertisements, videotapes, and other material bearing the infringing designation;

3. That the Defendants, within thirty days after the service of the judgment herein, be required to file with this Court and serve upon Mirabella's attorneys, a written report under oath setting forth in detail the manner in which they have complied with the judgment;

4. For an award of actual damages in an amount to be proven at trial, but no less than $1,000,000.00 that Defendants be required to account for any of their profits that are attributable to their acts, and that all such damages be trebled as provided by 15 U.S.C. § 1117 and California Business and Professions Code § 14340;

5. For an award of exemplary and punitive damages for the Defendants' oppression and malice for their violation of Mirabella's rights under California law, Cal. Civil Code § 3294;

6. For an award of attorneys fees pursuant to 15 U.S.C. § 1117;

7. For an award of pre-judgment interest at the maximum rate allowed by law;

///
///

- 9 -    FIRST AMENDED COMPLAINT

8.   For the costs of suit herein; and

9.   For such additional and further relief that the Court may deem just and proper under the circumstances.

August 6, 2009                    By:   _____
                                        Philip Nulud
                                        Kleinberg & Lerner, LLP
                                        1875 Century Park East
                                        Suite 1150
                                        Los Angeles, CA 90067
                                        Attorneys for Plaintiff
                                        Mirabella Beauty Products, LLC

- 10 -

1

### DEMAND FOR JURY TRIAL

2       Mirabella Beauty Products, LLC demands that its claim be tried to a jury

3  pursuant to the Seventh Amendment to the United States Constitution, FED. R. CIV. P.

4  38(b).

5

6  August 6, 2009                   By: _____

7                                        Philip Nulud
                                         Kleinberg & Lerner, LLP
8                                        1875 Century Park East
                                         Suite 1150
9                                        Los Angeles, CA 90067
                                         Attorneys for Plaintiff
10                                       Mirabella Beauty Products, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

<u>PROOF OF SERVICE</u>

I, the undersigned, hereby declare that I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is KLEINBERG & LERNER, LLP, 1875 Century Park East, Suite 1150, Los Angeles, CA 90067.

On August 6, 2009 I served a copy of the foregoing document described as:

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
AND FOR DAMAGES**

on the interested parties in this action:

SHALEM SHEM-TOV
NETZAH & JANKIELEWICZ, INC.
16601 Ventura Boulevard, Fourth Floor
Encino, California 91436

<u>XX</u>  (BY) Via Email: shalem@netjanlaw.com
Shalem Shem-Tov, Esq.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 6, 2009 at Los Angeles, California.

Myriam Kulig